STATE OF CONNECTICUT *v.* ANONYMOUS (1972–2)*

SUPERIOR COURT

DRISCOLL, J. On February 23, 1971, the defendant was arrested on a bench warrant of the Superior Court. The related information charged two counts of conspiracy in violation of § 54-197 of the General Statutes. Thereafter, on April 29, 1971, a substitute information was filed charging one count of conspiracy.

---

* Opinions on preliminary motions in criminal cases are thus entitled, in view of General Statutes § 54-90.

Section 54-197 was repealed effective October 1, 1971. The present conspiracy statute, § 53a-48, is more restrictive than the repealed statute. Prior to the effective date of § 53a-48, the defendant on September 7, 1971, entered a plea of not guilty to the charge and elected to be tried by a jury.

Thereafter, on November 1, 1971, the defendant filed a motion to dismiss which included the historical background given above and concluded with the assertion: "The elements of the crime of conspiracy for which the defendant is now being prosecuted no longer exist. Repeal of a penal statute prohibits prosecution of acts committed before such repeal if said acts have not yet been prosecuted to final judgment. Prosecution of the defendant under Sec. 54-197, which has been repealed, denies to him the equal protection of law guaranteed to him by the Constitution of the United States and of the State of Connecticut and also denies him due process of law guaranteed by both Constitutions."

Oral argument was heard by the court on the motion, with counsel for the defendant and the state's attorney submitting well-documented and well-researched briefs, and with defense counsel submitting a reply brief of wide range and depth.

The defendant presents the issue as follows: Does the repeal of the common-law aspects of the crime of conspiracy prohibit this prosecution of the defendant? The state presents the issue as follows: Can the state continue with this prosecution of the common-law crime of conspiracy, initiated on February 23, 1971, in view of the repeal of § 54-197 of the General Statutes?

There is no purpose in this memorandum to take up point by point the various arguments of either the defense counsel or the state's attorney and refer specifically to the various citations furnished by

them to the court or attempt to distinguish, perhaps, between those citations and the facts of the present matter.

It is the conclusion of the court that the proceedings under the substituted information should not be abated but should be allowed to continue. The court relies on the paragraph of § 1-1 of the General Statutes which reads: "The repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, or prosecution, or proceeding pending at the time of the repeal, for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed."

Further, the provisions of § 54-194 are applicable: "The repeal of any statute defining or prescribing the punishment for any crime shall not affect any pending prosecution or any existing liability to prosecution and punishment therefor, unless expressly provided in the repealing statute that such repeal shall have that effect."

The present situation is one falling within the purview of both sections of the General Statutes, and accordingly the motion to dismiss is denied.